## Holcomb, et ux. *v.* McClure.

May 18, 1953

No. 38737 32 Adv. S. 18 64 So. 2d 689

Ben Stevens, L. Barrett Jones and S. H. Long, for appellants.

C. R. Bolton, for appellee.

LOTTERHOS, J.

This is the second appearance of this case in this Court. See Holcomb v. McClure, 211 Miss. 849, 52 So. 2d. 922.

As the facts in the case are rather fully set forth in the opinion on the first appeal, they will not be shown in detail here. It is sufficient to say that on March 27, 1946, appellants conveyed to appellee by warranty deed a certain parcel of land in the City of Tupelo, lying in the northwest intersection of Jackson Street on the south side and Madison Street on the east side. The consideration was $7,500.00 in cash. The point of beginning in the description was the southeast corner of

the southwest quarter of section 30, township 9, range 6 east. The lot was supposed to have a frontage of 225 feet on Madison Street by 320 feet on Jackson Street. Actually, the frontage was only 180 feet on Madison Street, so that there was a shortage of 45 feet on the north side of the parcel of land. The deed excepted that portion of the lot "now being used as a street, Jackson and Madison, either or both." Appellee relied on a survey which showed that the southline of said section 30 was in conformity with the north line of Jackson Street. Appellants relied on a long established understanding in the community that the south line of said section was approximately 45 feet south of the north line of Jackson Street. Appellee sued appellants for breach of warranty on account of the 45 foot shortage.

When the case was tried the first time, the chancellor rendered a decree in favor of appellee and allowed appellee damages for breach of the warranty in the deed on account of said shortage. On the first appeal, the cause was affirmed on liability and remanded to the chancery court for a new trial on the issue of damages alone, the holding of the Court being that the values determining damages must be proved as of the time of the deed. (See opinion on first appeal.) When the case was tried the second time, the court below heard the case only on the matter of damages and entered a decree for appellee in the sum of $2,000 plus interest at six per cent per annum from the date of the deed.

On this second appeal, the principal proposition argued by appellants is that the prior decision of this Court in this case was completely erroneous and should be overruled, and that said decision should not be applied as the law of the case. Appellants rely upon Brewer v. Browning, 115 Miss. 358, 76 So. 267 and 519, upon the proposition that this Court has the power to decline to follow its decision made on the first appeal of a case and should so decline if the first decision was wrong. Appellee relies on the strict doctrine of the law of the

case, and also argues that the decision on the first appeal establishing the liability of appellants was correct.

"The decisions agree that as a general rule, when an appellate court passes upon a question and remands the case for further proceedings, the question there settled becomes the 'law of the case' upon a subsequent appeal, provided the same facts and issues which were determined in the previous appeal are involved in the second appeal." 3 Am. Jur., Appeal and Error, Sec. 985, p. 541. It is further stated, however, that ". . . there has been a considerable tendency, and probably a growing one, to make an exception where it clearly appears that the former decision was erroneous; and, as a consequence, there is respectable authority to the effect that a decision rendered on one appeal, if clearly erroneous, is not conclusive upon the court upon a subsequent appeal of the same case." Ibid., Sec. 990, p. 547.

When the Brewer case, supra, was decided, over the vigorous dissent of two justices, this Court aligned itself with those courts referred to in the latter quotation from American Jurisprudence. In that case, the Court declined to apply the law as determined in the first appeal, and, in the opinion, quoted from authorities to the effect that, although ordinarily a question considered and determined in an appeal is deemed to be settled and not open to re-examination on a second appeal, this rule is not inflexible, and if the prior decision is "palpably erroneous" it is competent for the Court to correct it on the second appeal. The Court summarized its holding in this language: "We think the rule of 'the law of the case' is a good rule of practice, and should be followed, except in rare cases where the decision is manifestly and palpably erroneous and to follow it would result in grave injustice being done."

In Pennington v. Purcell, 155 Miss. 554, 125 So. 79, the Court in applying the "law of the case" said of Brewer v. Browning that the Court "there recognized the general rule that ordinarily a question considered

and determined in a former appeal is deemed to be settled, and is not open for re-examination or reconsideration on a second appeal.'' It was commented that there must be an end to litigation, and that when the principles of a case have been announced and the case remanded to the lower court, then this Court should enforce the general rule, that is, apply the law of the case, ''unless the mistake of the court in its former opinion is so palpable as to amount to a miscarriage of justice.'' In the case of Stone v. Reichman-Crosby Co., Miss., 43 So. 2d 184, the Court used language indicating that the law of the case is absolutely binding, but it was found in that case that the former decision was correct, and the Brewer case was not mentioned.

Without further discussion of the cases, we will say that the rule in this State is that █ the law of the case as established on a first appeal will normally and ordinarily control on later trials and appeals of the same case involving the same issues and facts. The doctrine of the Brewer case is that the Court has the power to refuse to apply the law of the case if it is found to have been erroneously established on the first appeal, but that the Court will not undertake to do so except in rare and exceptional cases where the first decision was palpably and obviously wrong and results in a grave injustice.

In our consideration of the present appeal, we have reviewed the first decision in order to determine whether it was erroneous and, if so, whether the error was of such character as to justify exercise of the power, recognized in the Brewer case, to refuse to apply the law of the case. As a result of this examination, we have concluded that the decision of this Court rendered on the first appeal was correct; that, therefore, this Court will give no consideration to modifying it in any way on this appeal; and that the trial court properly adhered to the law as laid down in the first appeal. The chancellor properly limited the second trial to the issue of damages, in accordance with the original mandate.

It is next argued by appellants that the court below erred in declining to grant permission to amend the answer of appellants and incorporate a cross-bill. The proposed amendment to the answer would have set up that there was a mutual mistake of the parties in the deed from appellants to appellee in that both parties understood that the southeast corner of the southwest quarter of section 30 was on the south side of Jackson Street, and also that appellee was estopped because of certain letters written by his attorney, and certain knowledge which had come to his attorney. The proposed cross-bill would have prayed for a reformation of the deed to make the 225 feet on Madison Street run from the south side of Jackson Street, so that the missing 45 feet of land would lie in Jackson Street and therefore come within the exception in the deed. The facts which were the basis for the proposed amendment and cross-bill were before the chancellor on the first trial, and he so recognized in his opinion on the second trial when he stated: ''All such matters grew out of the facts tried before this court on the former hearing. The defendants elected to defend the cause without raising this defense and they are now bound by such election.'' The chancellor applied the law of the case and refused to allow the amendments. He was correct in so doing, as (Hn 2) appellants had no right to reopen the question of liability, after this Court had affirmed on liability and remanded the case for hearing on the issue of damages alone. Appellants could not indirectly accomplish this result by filing modified pleadings based on the original facts and circumstances which had been passed upon by the chancery court and by this Court.

Appellants contend also that the allowance of damages on the second trial was not sustained by the evidence and that the court was in error in allowing the sum of $2,000.00. We see no merit in this contention. The testimony was voluminous with respect to the value of the land which appellee actually received in 1946

when the deed was executed, having a frontage of 180 feet on Madison Street. Witnesses familiar with values of land in the community testified as to said value as of the date of the deed, and their testimony was supported by various facts and circumstances sustaining their opinions as to value. On the record made, the question as to the amount of damages was peculiarly within the province of the chancellor to decide, and we find no error in his decision. The amount of damages is amply justified and the evidence conforms to the first decision of this Court which set out the proper basis.

The last point of argument is that the court erred in allowing interest on the $2,000 damages from the date of the deed executed by appellants to appellee. This Court has said that ██ "the measure of damages for a breach of warranty of title is the amount of the purchase price paid with interest." Sutton v. Cannon, 135 Miss. 368, 100 So. 24. Although that case was reversed for error in the amount of damages allowed, the above statement of the rule by the Court is correct with respect to the matter of interest. We approve the rule as stated in 14 Am. Jur., Covenants, Conditions and Restrictions, Sec. 155, p. 583, as follows: "It is now well settled that interest upon the consideration paid for, or the value of, the land as to which title fails may be recovered as an element of damages in a suit by the grantee for breach of a covenant of title, in addition to the consideration paid or the value of the part to which title fails. This constitutes merely an application of the general rule that interest is given for damages for delay in payment." This text cites Brooks v. Black, 68 Miss. 161, 8 So. 332, wherein the Court recognized the propriety of allowing interest as a proper part of the damages for breach of warranty by failure of title. See, also, 21 C. J. S., Covenants, Sec. 142(2), p. 1012, cited in the opinion on the first appeal in this case, and 21 C. J. S., Covenants, Sec. 149, p. 1027.

 If the amount of damage to appellee is to be based upon values as of the time of the deed, as decided on the first appeal in this case, it necessarily follows that appellee is entitled to have in addition to the dollar amount of damages as of that time legal interest thereon until the time of payment. Since he paid for a parcel at the north end of the land purchased fronting 45 feet on Madison Street but did not receive that portion of the land, it clearly follows that his actual damage included interest on the amount of his loss from the date on which he suffered the loss, which was the date of the deed, as he paid cash for the entire parcel of land and never did receive possession and use of this part of the property. No comment is made on the extent to which interest should be allowed in instances where the grantee has enjoyed possession for a time, or where other special circumstances are present.

It follows from what has been said that this case should be, and it is, affirmed.

Affirmed.

*McGehee, C. J.,* and *Hall, Holmes,* and *Arrington, JJ.,* concur.