ROBERTSON, Justice.
Sprouse, appellee, sued Theobald, appellant, in the County Court of Warren County for breach of warranty of title to a 1967 Pontiac automobile. The jury brought in a verdict for $880.41, all the damages sued for, and judgment was entered for this amount. Theobald appealed to the Circuit Court, which court affirmed, except for a $10.48 item which was held not legally recoverable. Theobald then perfected his appeal to this Court.
Sprouse paid Theobald $400.00 cash for this automobile, and Theobald executed a bill of sale to Sprouse on March 3, 1969, which bill of sale recited:
“[H]e does by these presents Bargain, Grant, Sell, Convey and Deliver with full guaranty of title and with complete transfer and subrogation of all rights, and actions of warranty against all former proprietors of the property herein conveyed . . . ”
“Who also declares and affirms that there is no mortgage, lien, or encumbrance of any nature whatsoever against the above described motor vehicle or any accessories attached thereon.” (Emphasis added).
Sprouse purchased a rebuilt motor and, with the help of a mechanic, installed this motor in the car. In his declaration, he alleged that these necessary repairs totaled $480.41.
G.M.A.C., holding a conditional sales contract on this car, secured a writ of replevin against it on March 27, 1969, and the sheriff took possession of this car. Sprouse testified about this development:
“I went to Mr. Theobald’s service station and told him G.M.A.C. got a replevin out and wanted that ’67 car back and he told me that there was just some misunderstanding, don’t worry about it, you’re not going to lose a dime in it, and I’ll get it straight, don’t worry about it.”
Prior to taking judgment against Sprouse and securing possession of the automobile from the sheriff, on May 28, 1969, G.M.A.C. and Sprouse stipulated:
“It is stipulated between the parties as undisputed that one John H. Johnson on October 2, 1967 purchased the automobile in question from Francis Gunnels Company in Magnolia, Arkansas on a conditional sales contract. That this contract was purchased in the regular course of business by G.M.A.C. and that an Arkansas Certificate of Title was issued and duly registered, showing G.M.A.C. to be the holder of the title and the owner of th'e lien against the vehicle. That there is presently a balance of $2206.20 due to G.M.A.C. on this contract and the installments are delinquent. That during the early part of 1969 John Johnson, who is a resident of the State of Arkansas, brought the vehicle in question to Theobald’s Service Station in Vicksburg, Mississippi, and left it there for certain repairs to be made. That certain repairs were made to the vehicle and that Johnson did not return to pick the vehicle up. That Theobald, without the benefit of any foreclosure proceedings or' legal action sold the vehicle in question to the defendant, D. T. Sprouse, for four hundred dollars cash, and represented to Sprouse that he had legal authority to sell the vehicle. And that certain repairs have *518 been made to the vehicle by Sprouse in reliance upon Theobald’s representation that Sprouse was obtaining a good title. That the repairs made to the vehicle by Sprouse are in the sum of approximately six hundred dollars.”
In his Assignment of Error filed in this Court, Theobald contends, among other things, that:
“Damages for breach of warranty of title is limited to the purchase price paid”, and
“Due to subrogation, the appellant was entitled to having his lien protected by appellee who had every legal right to compensation for the liens to which he had become subrogated.”
It appears from the record that Theobald did contact a local justice of the peace, filed with her an itemized list of the repairs made, paid $9.00 court costs, and depended on this justice of the peace, who had held the office for about 25 years, to perfect his title to this car by virtue of his mechanic’s and materialman’s lien thereon. A week or so later, this justice of the peace advised Theobald that he could now execute a bill of sale to Sprouse. Theobald, in relying on the actions of this justice of the peace, committed his first error. When informed by Sprouse of G.M.A.C.’s replevin action against him (Sprouse) and doing nothing about it, Theobald made his second mistake.
Sprouse was entitled to recover from Theobald the $400.00 purchase money paid with interest. This Court announced this rule in 1855 in Noel v. Wheatly, 30 Miss. 181:
“The rule, as once understood and acted upon, is certainly clear and free from both difficulty and conflict of opinion, and it is this: that in the absence of fraud, the plaintiff can only recover back his money with interest, and such damages as he necessarily sustained in protecting his title. This is certainly the rule of damage on the covenant of warranty in the sale of land, and no good reason is perceived why the rule should not be the same with respect to both kinds of property. The rule is one which is certain, easy of application, and must, in most cases, be just in its operation.” 30 Miss, at 192.
We reaffirmed this rule in 1924 in Sutton v. Cannon, 135 Miss. 368, 100 So. 24, and in 1953 in Holcomb v. McClure, 217 Miss. 617, 64 So.2d 689.
Sprouse’s remedy, by way of asserting a mechanic’s and materialman’s lien for necessary parts purchased and repairs made by him to keep this automobile running, was against G.M.A.C. and not Theobald. Sprouse was also under a duty to mitigate his damages as far as Theobald was concerned, and this he failed to do by not asserting his claim against G.M.A.C. However, Sprouse was not under any duty to protect Theobald by asserting a lien for repairs made by Theobald. Sprouse could elect, as he did do, to proceed against Theobald on his warranty to recover the full purchase price paid.
The judgment against Theobald is reduced to $400.00, to which is added 6% interest per annum from March 28, 1969, the date when the writ of replevin was executed and Sprouse deprived of possession of the automobile purchased from Theobald. As thus reduced, the judgment is affirmed.
Affirmed in reduced amount.
GILLESPIE, C. J., and PATTERSON, INZER and SMITH, JJ., concur.