# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CA-01367-SCT
## CONSOLIDATED WITH
## NO. 97-CA-01205-SCT

*STEVE BRYAN*

*v.*

*MAYOR AND BOARD OF ALDERMEN, CITY OF MADISON, MISSISSIPPI*

DATE OF JUDGMENT:          06/07/2001
TRIAL JUDGE:          HON. LEE J. HOWARD
COURT FROM WHICH APPEALED:          MADISON COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:          STEVEN H. SMITH
          J. BRAD PIGOTT

ATTORNEY FOR APPELLEE:          JOHN HEDGLIN
NATURE OF THE CASE:          CIVIL - OTHER
DISPOSITION:          AFFIRMED - 03/27/2003
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1.    This is the second time this case has been before us on appeal. *See* ***City of Madison v. Bryan***, 763 So.2d 162 (Miss. 2000) (***Bryan I***). The genesis of the appeal in ***Bryan I*** was from an adverse ruling in the circuit court on not the first, not the second, but the third bill of exceptions filed by Steve Bryan (Bryan), pursuant to Miss. Code Ann. § 11-51-75 (Rev. 2002).[1] By way of his bill of exceptions, Bryan

---

[1]    Any person aggrieved by a judgment or decision of the board of supervisors, or municipal authorities of a city, town, or village, may appeal within ten (10) days from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision, and may embody the facts, judgment and decision in a bill of exceptions which

was attempting to gain the approval of the appropriate governing authorities of the City of Madison (the City) to build an apartment complex within its corporate limits. The first two bills of exception went no further than the circuit court. Bryan appealed to the circuit court the action of the City in refusing to approve his site plan and issue him a building permit to construct the apartments. The circuit court held the City waived its right to review the staging plan because of its refusal to consider the plans at the next meeting of the Mayor and Board of Aldermen. The circuit court ordered the City to immediately issue Bryan a building permit and approve the site plan, staging plan and development plan. However, after a Motion for Reconsideration, the circuit court reversed its prior ruling finding the issue moot because Bryan no longer had a valid option on the property. The circuit court preserved the rights of the parties as to claims for damages, if any. Several months later the circuit court awarded Bryan $19,668.45 in costs and attorney's fees pursuant to Miss. R. Civ. P. 11. In *Bryan I*, this Court reversed the award of attorney's fees and remanded the case for a hearing regarding any award of costs and attorney's fees to Bryan. *Bryan I*, 763 So. 2d at 169.

¶2. Pursuant to our mandate in *Bryan I*, the circuit court, on April 17, 2001, heard oral arguments from the parties.[2] On June 8, 2001, Bryan filed a Motion to Conduct Evidentiary Hearing on Damages.

> shall be signed by the person acting as president of the board of supervisors or of the municipal authorities. The clerk thereof shall transmit the bill of exceptions to the circuit court at once, and the court shall either in term time or in vacation hear and determine the same on the case as presented by the bill of exceptions as an appellate court, and shall affirm or reverse the judgment. If the judgment be reversed, the circuit court shall render such judgment as the board or municipal authorities ought to have rendered, and certify the same to the board of supervisors or municipal authorities. Costs shall be awarded as in other cases. . . .

[2]After *Bryan I*, and upon remand, Judge Lee J. Howard, Circuit Judge for the Sixteenth Circuit Court District, was specially appointed to hear this case due to the retirement of the circuit judge in *Bryan I*.

On June 13, 2001, the circuit court denied Bryan's request for attorney's fees, and in so doing, the circuit court correctly stated that factual findings and legal rulings made by this Court are binding on a lower court after a case has been remanded. *See **Fortune v. Lee County Bd. of Sup'rs***, 725 So. 2d 747, 751 (Miss. 1998); ***Consumer Discount Store v. Warren***, 221 So. 2d 112, 113 (Miss. 1969); ***Colson v. Sims***, 198 So. 2d 225, 226 (Miss. 1967); ***Continental Turp. & Rosin Co. v. Gulf Naval Stores Co.***, 244 Miss. 465, 142 So. 2d 200, 207 (1962); ***Holcomb v. McClure***, 127 Miss. 617, 64 So. 2d 689, 690 (1953). The circuit court cited the following factual findings and legal determinations made by this Court in ***Bryan I***:

1. Steve Bryan did not have a valid option on the property at issue when he filed his appeal to the circuit court. 763 So. 2d at 165.
2. The City defending its actions in circuit court and appealing to the Mississippi Supreme Court was not frivolous. ***Id.*** at 163.
3. Only the third Bill of Exceptions was the subject of the Mississippi Supreme Court appeal. ***Id.***
4. When Bryan filed his Bill of Exceptions with the circuit court on June 23, 1995, the record reveals that he was not the owner of the property, nor did he have a valid option to purchase, a valid contract to purchase ro a mortgage or any other encumbrance on the property. ***Id.*** at 166.
5. "Bryan did not have standing to appeal." ***Id.***
6. The City's appeal can hardly be considered frivolous, as "clearly there was a reasonable hope of success. . . ." ***Id.*** at 168.

The circuit court was charged with finding whether any legal basis existed for an award of attorney's fees in favor of Bryan against the City. Because this Court determined Bryan had no standing to appeal, the circuit court held the action was properly dismissed and the question of attorney's fees was moot. Judge Howard opined:

> Since the Mississippi Supreme Court has expressly ruled that (1) this case concerns Bryan's Bill of Exceptions dated June 23, 1995 (Paragraphs 3 and [20], Supreme Court opinion); and (2) Bryan never had standing to file that Bill of Exceptions (Paragraph 20, Supreme Court opinion), then *what justification is there to require the City to pay Bryan's attorney's fees for an appeal which Bryan had no standing to file*?

3

(emphasis in original). Finding there was no legal basis to justify an award of attorney's fees against the City, Judge Howard denied Bryan's request. On June 21, 2001, the circuit judge also denied Bryan's motion to conduct an evidentiary hearing on damages as moot in light of his previous ruling.

¶3.     On July 31, 2001, Bryan perfected his appeal to this Court raising the following issues for review:

   I.     **WHETHER THE CIRCUIT COURT ERRED ON REMAND BY FAILING AND/OR REFUSING TO CONDUCT AN EVIDENTIARY HEARING REGARDING AN AWARD OF COSTS AND ATTORNEY FEES TO BRYAN.**

   II.    **WHETHER THE THREE MEMORANDA OPINIONS AND ORDERS RENDERED BY THE MADISON COUNTY CIRCUIT COURT CONSTITUTE MORE THAN SUFFICIENT BASIS, IN LAW AND IN FACT, TO SUPPORT THE AWARD OF "COSTS, INCLUDING ATTORNEY'S FEES" AGAINST THE CITY OF MADISON.**

   III.   **WHETHER THE CITY OF MADISON'S ALLEGEDLY UNLAWFUL CONDUCT WHICH ARGUABLY RENDERED MOOT BRYAN'S RIGHT TO A BUILDING PERMIT, ALSO CREATED BRYAN'S CLAIM TO COMPENSATORY DAMAGES UNDER MISS. CODE ANN. SECTION 11-51-75 (1972).**

   IV.    **WHETHER BRYAN IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS PRESERVED CLAIM(S) FOR FULL COMPENSATORY DAMAGES.**

<u>DISCUSSION</u>

   I.     **WHETHER THE CIRCUIT COURT ERRED ON REMAND BY FAILING AND/OR REFUSING TO CONDUCT AN EVIDENTIARY HEARING REGARDING AN AWARD OF COSTS AND ATTORNEY FEES TO BRYAN.**

¶4.     Bryan argues the circuit court failed to conduct an evidentiary hearing pursuant to the mandate of this Court in *Bryan I*. Also, Bryan contends because this Court did not reverse and render the circuit court's order, this Court intended to reverse and remand for an *evidentiary* hearing. The City argues that

4

there was no suggestion in **Bryan I** that an evidentiary hearing would be held and that the circuit court followed the mandate of this Court by conducting a hearing only on the matter of costs and attorney's fees.

¶5.    This Court's mandate is unarguably binding on the circuit court; therefore, we must look to the actual language of that mandate to learn what the circuit court was directed to do on remand. Our holding in **Bryan I** specifically stated:

> This Court thus finds that the issue of the validity of Bryan's option was indeed moot when he filed his bill of exceptions in the circuit court. Bryan had no valid option at that time. The circuit court ultimately on Motion for Reconsideration, found that the issue was moot. We, therefore, affirm the lower court's ultimate order dismissing the case as moot, but we reverse the lower court's award of costs and attorney's fees and remand this case *for a new hearing and decision by the lower court regarding any award of costs and attorney's fees* to Bryan.

763 So. 2d at 169 (emphasis added). Bryan claims the circuit court deviated from our mandate in **Bryan I** because no evidentiary hearing was held on the issue of attorney's fees and costs. Therefore, Bryan urges this Court to reverse and remand this case for an evidentiary hearing on the issue of attorney's fees and costs. Nothing in this Court's first opinion required the circuit court to conduct an *evidentiary* hearing on the issue of attorney's fees and costs. This Court, in **Bryan I**, affirmed the circuit court in all respects save the issue of attorney's fees and costs, which was reversed and remanded to the circuit court.[3] 763 So. 2d at 163, 169.

¶6.    The circuit court in the case before us today was acting on a very clear and limited mandate from this Court in **Bryan I**. The circuit court was ordered by this Court to conduct a hearing on the issue of attorney's fees and costs. The record clearly shows the circuit court accepted briefs from both sides and

---

[3]It must be remembered that in **Bryan I**, the circuit court had not refused to award Bryan attorney's fees and costs, but instead had granted Miss. R. Civ. P. 11 sanctions in favor of Bryan and had awarded attorney's fees and costs to Bryan in the amount of $19,668.45. In reversing the award, this Court stated that "the [circuit] court abused its discretion in failing to cite sufficient findings of fact, conclusions of law and clear authority in support of its award of sanctions." 763 So. 2d at 168-69.

by order scheduled an oral argument for April 17, 2001. On June 7, 2001, the circuit court issued its detailed five-page opinion regarding the issue of imposition of sanctions, followed by a final judgment consistent with the opinion issued the same day.

¶7.     In its opinion, the circuit court cited several factual findings and legal determinations which this Court announced in *Bryan I*. The circuit court then determined the only issue which must be decided was what legal basis existed to award attorney's fees to Bryan in light of these factual findings and legal determinations. The circuit court stated Bryan based his argument solely upon *City of Durant v. Laws Constr. Co*., 721 So.2d 598 (Miss. 1998). The circuit court determined *Durant* was not factually consistent with Bryan's case. The circuit court concluded that because this Court found Bryan's case only concerned the bill of exceptions dated June 23, 1995, and because Bryan never had standing to file that particular bill of exceptions, there was no justification to require the City to pay Bryan's attorney's fees.

¶8.     Based on Judge Howard's actions, Bryan received all to which he was entitled pursuant to the *Bryan I* mandate, that being a hearing -- albeit, not an evidentiary hearing. But no where in our holding in *Bryan I* can it even be inferred that we were directing the circuit court, upon, remand, to afford Bryan an *evidentiary* hearing on the issue of costs and attorneys fees. Accordingly, since Judge Howard acted consistent with this Court's mandate and because this Court will not reverse the circuit court's discretionary decision on the question of attorney's fees unless there is a manifest abuse of discretion, we affirm the finding of the circuit court that there was no legal basis upon which to justify an award of attorney's fees against the City. *See Mississippi Power & Light Co. v. Cook*, 832 So.2d 474, 478 (Miss. 2002); *Mauck v. Columbus Hotel Co.*, 741 So.2d 259, 269 (Miss. 1999).

   **II.     WHETHER THE THREE MEMORANDA OPINIONS AND ORDERS RENDERED BY THE MADISON COUNTY CIRCUIT COURT CONSTITUTE MORE THAN SUFFICIENT BASIS, IN LAW**

6

**AND IN FACT, TO SUPPORT THE AWARD OF "COSTS, INCLUDING ATTORNEY'S FEES" AGAINST THE CITY OF MADISON.**

¶9.     Based on this Court's ruling on the above issue, this issue is without merit.

**III.     WHETHER THE CITY OF MADISON'S ALLEGEDLY UNLAWFUL CONDUCT WHICH ARGUABLY RENDERED MOOT BRYAN'S RIGHT TO A BUILDING PERMIT, ALSO CREATED BRYAN'S CLAIM TO COMPENSATORY DAMAGES UNDER MISS. CODE ANN. SECTION 11-51-75 (1972).**

**IV.     WHETHER BRYAN IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS PRESERVED CLAIM(S) FOR FULL COMPENSATORY DAMAGES.**

¶10.     Bryan argues his claims for compensatory damages were preserved by the circuit court's March 29, 1996, dismissal order.  While Bryan correctly states that this Court held in *Durant*, 721 So.2d at 606-07, that the circuit court, sitting as an appellate court pursuant to Miss. Code Ann. § 11-51-75, could conduct a non-jury evidentiary hearing on the issue of compensatory damages due to a city's illegal awarding of a construction contract to a particular bidder, the facts in *Durant* are clearly distinguishable from the facts in the case sub judice.

¶11.     In *Durant*, because there was no dispute as to whether the bid would have been awarded to Laws if the third party had been legally disqualified, compensatory damages were determined to be an adequate remedy pursuant to § 11-51-75. 721 So. 2d at 605-06. However, in *Bryan I*, this Court determined that "[w]hether Bryan ever fully complied with required zoning and building requirements of the City has always been in dispute."  763 So.2d at 166.  Because there was a legitimate controversy in fact, the circuit court had no authority to substitute its discretion for the discretion of the governing authorities of the City.  This

7

Court determined Bryan had no standing to file suit and dismissed the action; therefore, compensatory damages are not an appropriate remedy under § 11-51-75. *Id.*

¶12.     Bryan focuses considerable attention on the fact that he was not afforded an evidentiary hearing on the issue of compensatory damages and argues this Court should reverse and remand this case for an evidentiary hearing on compensatory damages. Although the ***Bryan I*** circuit judge, in his dismissal order of March 28, 1996, stated that "the rights of the parties as to claims for damages, if any, are hereby preserved," Bryan's claim for compensatory damages was extinguished when this Court, in ***Bryan I***, affirmed in part and reversed and remanded the case *solely* on the issue of attorneys' fees and costs.[4] Therefore, the circuit court did not err in denying the motion for an evidentiary hearing on the issue of compensatory damages.[5]

## CONCLUSION

¶13.     The circuit court correctly denied Bryan a hearing on compensatory damages because compensatory damages were no longer at issue. At this very late date in this protracted litigation, Bryan should not be allowed a second chance to plead his entire case. The issues have been decided, and it was the ruling of this Court to affirm the dismissal of Bryan's claims, except as to attorney's fees and costs which were remanded for a new hearing. A new hearing was held, and the circuit court determined there was no justification in awarding such fees and costs to Bryan. Judge Howard was eminently correct in finding that the sole issue before him on remand, based on our decision in ***Bryan I***, was that of whether Bryan was

---

[4]According to the record, after entry of the order of dismissal of March 28, 1996, which dismissed the case, without prejudice, and preserved the parties' rights as to claims for damages, the next (and final) order entered by the ***Bryan I*** judge was the order dated August 28, 1997, and entered August 29, 1997, which awarded Bryan the disputed attorney's fees and costs. The record does not reveal that the ***Bryan I*** judge, during this interim period, ever conducted a hearing on any party's "claims for damages."

[5]This ruling came via an order dated June 20, 2001, and filed June 21, 2001.

entitled to attorney's fees and costs, and if so, in what amount. A close review of the record, including the circuit judge's five-page opinion on the sole issue before him on remand, clearly reveals that Judge Howard was likewise eminently correct in his denial of Bryan's request for attorney's fees and costs.

¶14. Accordingly, for the reasons herein stated, the circuit court's final judgment is affirmed.

¶15. **AFFIRMED.**

**PITTMAN, C.J., COBB AND EASLEY, JJ., CONCUR. GRAVES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. McRAE AND SMITH, P.JJ., WALLER AND DIAZ, JJ., NOT PARTICIPATING.**