[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1082 
Allen Nicolaou appeals from his conviction in the Circuit Court of Hancock County of murder, and sentence as an habitual offender of life imprisonment without parole. We find his assignments of error without merit and we affirm.
The facts of this case are set out by this Court in its previous opinion of Nicolaou v. State, (hereinafter NicolaouI) 534 So.2d 168 (Miss. 1988).
In a nutshell, while in Hancock County Jail under a sentence of life imprisonment, Nicolaou killed Charles Alan Poole, a cellmate, by beating him to death.
Through his attorney Nicolaou makes five assignments of error and one pro se assignment of error, as follows:
1. The weight and sufficiency of the evidence are insufficient to convict on the murder of Poole;
2. The Circuit Court committed error in emphasizing the language "shall find" in jury instruction S-1;
3. The Circuit Court committed error in granting instruction S-2 on "deliberate design" *Page 1083 
and denying instruction D-2, also on "deliberate design";
4. The lack of a circumstantial instruction being given;
5. The crimes Nicolaou was convicted of on Oct. 22, 1984, do not constitute separate "incidents" for the purposes of the habitual offender statute; and
6. It is error not to have dismissed present counsel because counsel would not raise the insanity defense for Nicolaou.
 THE LAW I.
IS THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE INSUFFICIENT TO CONVICT NICOLAOU OF THE MURDER OF POOLE?
To determine whether or not a jury verdict is against the overwhelming weight of the evidence, "this Court must accept as true the evidence which supports the verdict and will reverse only when it is convinced that the circuit court has abused its discretion in failing to grant a new trial." Thornhill v.State, 561 So.2d 1025, 1030 (Miss. 1989).
We have stated the standard of review for challenges to the sufficiency of the evidence as:
 If the facts and inferences so considered point in favor of the accused with sufficient force that reasonable men could not have found beyond a reasonable doubt that he was guilty, reversal and discharge are required. On the other hand, if there is in the record substantial evidence of such quality and weight that, . . . reasonable and fairminded jurors in the exercise of impartial judgment might have reached different conclusions, the verdict of guilty is thus placed beyond our authority to disturb.
Benson v. State, 551 So.2d 188, 193 (Miss. 1989), quotingMcFee v. State, 511 So.2d 130 (Miss. 1987).
Without reference to Nicolaou I, the evidence in this transcript is more than sufficient to allow a jury to convict Nicolaou of the murder of Poole.
As we said in Leatherwood v. State, 539 So.2d 1378, 1382 (Miss. 1989), "It is axiomatic that a decision on a question of law decided on a former appeal becomes the law of the case, whether the case be civil or criminal, and will be adhered to on a subsequent trial and appeals of the same case involving the same issues and facts." We will deviate from this posture only where it is demonstrated that our former decision is "palpably and obviously wrong and results in a grave injustice." Holcombv. McClure, 217 Miss. 617, 621, 64 So.2d 689, 691 (1973). Nicolaou raised the weight and sufficiency of the evidence inNicolaou I and has raised it again on the current appeal, and the decision on the sufficiency of evidence in Nicolaou I is the law on the current appeal.
This Court in Nicolaou I concluded that there was ample evidence for the jury to have concluded that Poole died from the brutality inflicted by the defendant and that there was no lawful excuse or mitigating circumstances. Nicolaou I, 534 So.2d at 172. That conclusion is not "palpably and obviously" wrong and will not be revisited.
 II.
DID THE CIRCUIT COURT COMMIT ERROR IN EMPHASIZING THE LANGUAGE "SHALL FIND" IN THE S-1 JURY INSTRUCTION WHICH IT GAVE?
Jury Instruction S-1 reads as follows:
 The Court instructs the Jury that the Defendant, Allen Nicolaou, has been charged by an indictment with commission of the crime of Murder.
 If you find from the evidence in this case, beyond a reasonable doubt, that
 a. the Defendant, Allen Nicolaou,
 b. on or about October 27, 1984,
 c. in Hancock County, Mississippi,
 d. killed Charles Poole, a human being,
 e. without the authority of law *Page 1084 
 f. and with the deliberate design to effect the death of the said Charles Poole,
 then you shall find the Defendant guilty of the crime of Murder.
 But, if you do not find from the evidence in this case that all of the above elements were proven beyond a reasonable doubt, then you shall find the Defendant Not Guilty.
Nicolaou argues that this jury instruction should not have been given because it contains the phrase "then you shall find the Defendant Guilty of the crime of Murder," but the instruction goes on to say that "if you do not find from the evidence in this case that all of the above elements were proven beyond a reasonable doubt, then you shall find the Defendant Not Guilty." Nicolaou relies on Davis v. State, 520 So.2d 493 (Miss. 1988), for the proposition that "jury nullification" does in fact exist and that a jury can acquit by verdict regardless of the State's proof of guilt beyond a reasonable doubt.
However, in Hansen v. State, 592 So.2d 114, 140 (Miss. 1991), we concluded that although the jury does indeed have the power to acquit for any reason whatsoever, the defendant is not entitled to an instruction that it can ignore the law.
To reverse on this instruction Nicolaou must overcome the correctness of the trial court's judgment through a demonstration of reversible error. Edlin v. State, 533 So.2d 403, 409-410 (Miss. 1988). Nicolaou has failed to do so. Instruction S-1 did not inform the jury that it could do whatever it wanted to regardless of the law and the granting of it was not error.
 III.
DID THE CIRCUIT COURT COMMIT ERROR IN GRANTING STATE JURY INSTRUCTION S-2 ON "DELIBERATE DESIGN," WHILE REFUSING TO GIVE DEFENSE INSTRUCTION D-2, ALSO ON "DELIBERATE DESIGN"?
Jury Instruction S-2 is as follows:
 The court instructs the Jury that the phrase "and with the deliberate design to effect the death of the said Charles Poole," as used in jury Instruction S-1, has the same meaning, under the law of Mississippi, as the phrase "and of his malice aforethought."
 Unless the Jury finds that Allen Nicolaou intended to kill Charles Poole, the Jury cannot find that the element of "deliberate design" was proven beyond a reasonable doubt.
 The issue of whether Allen Nicolaou intended to kill Charles Poole is for the Jury to decide from all the facts and circumstances surrounding the death of Charles Poole, upon the evidence in this case.
 The Jury may infer the element of "deliberate design" if the Jury finds from the evidence, beyond a reasonable doubt, that Allen Nicolaou committed a brutal assault upon Charles Poole, using excessive force, and that Charles Poole died as the result of that assault.
Nicolaou objects to paragraphs 3 and 4 of S-2 which are included above. Specifically, Nicolaou argues that this instruction is inconsistent with our ruling in Windham v.State, 520 So.2d 123, 126 (Miss. 1987), which held "that it is a contradiction in terms to state that a `deliberate design' can be formed at the very moment of the fatal act . . . it is possible for a deliberate design to exist and the slaying nevertheless be no greater than manslaughter."
However, at trial defense counsel did not phrase his objection in terms of Windham. He only stated that these paragraphs were comments on the evidence and were nearly peremptory.
As to the trial judge's refusal to grant D-2 on deliberate design, it is well settled in Mississippi that all instructions should be read together and if the jury is fully and fairly instructed by other instructions, the refusal of a similar instruction is not reversible error. Groseclose v. State,440 So.2d 297, 302 (Miss. 1983); Barr v. State, 359 So.2d 334, 338 (Miss. 1978). There is no merit to this assignment of error. *Page 1085 
 IV.
WAS IT ERROR TO REFUSE A CIRCUMSTANTIAL EVIDENCE INSTRUCTION?
The standard of review for circumstantial jury instructions, according to Gray v. State, 549 So.2d 1316, 1324 (Miss. 1989), is that where there is direct evidence of a crime, then there is no need for a circumstantial evidence instruction to be given. This rule has been expanded by Stringfellow v. State,595 So.2d 1320 (Miss. 1992), where we held that a circumstantial evidence instruction should be given only when the prosecution can produce neither eyewitness nor a confession to the charged offense. Seealso, McNeal v. State, 551 So.2d 151, 157-159 (Miss. 1989).
Nicolaou relies solely on Henderson v. State, 453 So.2d 708
(Miss. 1984). There we held that where the evidence is purely circumstantial, the trial court is required to grant a two theory instruction, and the instruction is to include language to the effect that "every reasonable hypothesis other than guilt must be excluded in order to convict." Henderson, 453 So.2d at 710.
Inmate Grayling Wilkerson testified to seeing Nicolaou tie up and hit Poole on at least two occasions. On the first occasion, Poole was still alive, but on the second occasion, the officers had arrived to find Poole dead. The State correctly argues that it had an eyewitness.
Henderson requires that all the evidence tending to prove the guilt of the defendant must be circumstantial in order to obtain a two theory circumstantial evidence instruction, and that is not the case here. Henderson, 453 So.2d at 710. Here, the record clearly shows that Nicolaou and Poole were the only inmates in Cell 1 on October 27, 1984, and that Poole's death was caused by injury to his windpipe and a clogged breathing tube that filled with blood from his shattered nose.
Wilkerson's eyewitness testimony was a material part of the evidence. The trial judge's refusal to grant the circumstantial evidence instruction was not error.
 V.
DO THE CRIMES THAT DEFENDANT NICOLAOU WAS CONVICTED OF ON OCTOBER 22, 1984, CONSTITUTE SEPARATE INCIDENTS FOR THE PURPOSE OF THE HABITUAL OFFENDER STATUTE [MISS. CODE ANN. § 99-19-81 (1972)]?
Nicolaou argues two reasons why the habitual offender statute should not be imposed upon him: (1) the murder convictions rendered on October 22, 1984, were not admissible at the sentencing hearing, and (2) the prosecution failed to prove that these prior convictions arose out of separate transactions.
In Nicolaou I, we stated that the only contention meriting discussion was Nicolaou's claim that his previous convictions all arose from the same transaction. Nicolaou I, 534 So.2d at 173. We concluded that the habitual offender statute, Miss. Code Ann. § 99-19-81, required proof that the defendant had been previously convicted twice for felonies that were brought separately and arose out of these separate incidents at different times.Nicolaou I, 534 So.2d at 173.
Nicolaou's claim that his prior convictions do not amount to "separate incidents" under the habitual offender statute is barred. Holcomb v. McClure, 217 Miss. 617, 64 So.2d 689 (1973).
When the State rested in Nicolaou's retrial, it had failed to prove that Nicolaou was currently serving two consecutive life sentences. When this was pointed out by defense counsel, the prosecution confessed to the trial court that it had failed to prove it and the trial judge on defense counsel's motion reduced the charge against Nicolaou from capital murder to murder.
Nicolaou attempts to take this failure at guilt phase as a sign that the prior convictions could not be used in the sentence phase to make him an habitual offender. The reduction of a charge of capital murder to murder does not estop the prosecution at the habitual offender stage. The main reason for this is that the issue was never actually litigated and did *Page 1086 
not reach the jury. In Jordan v. McKenna, 573 So.2d 1371, 1376 (Miss. 1990), we said, "the law is settled that the final findings of a criminal court jury regarding the facts of a matter must be given collateral estoppel effect in subsequent criminal proceedings."
Nicolaou was indicted on the charge of capital murder, but was convicted of murder. His reliance on Price v. Georgia,398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970), for the proposition that a conviction of a lesser offense bars a retrial on a greater offense after a successful appeal of the conviction for the lesser included offense is without merit. Nicolaou was originally convicted of capital murder as an habitual offender; this Court reversed and remanded and then Nicolaou was convicted of the crime of murder on retrial. Price is distinguishable on its facts because Nicolaou was not sentenced for a greater offense on retrial.
There is no merit to this assignment of error.
 VI.
HAS NICOLAOU PROVEN IN HIS PRO SE BRIEF, THAT HE SUFFERED FROM INEFFECTIVE ASSISTANCE OF COUNSEL?
The standard of review for ineffective assistance of counsel comes from Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This test to be applied is whether the counsel's over-all performance was "(1) deficient and if so, (2) whether the deficient performance prejudiced the defense."McQuarter v. State, 574 So.2d 685 (Miss. 1990). The defendant must show that there is a reasonable probability that but for these errors by counsel, the defendant would have received a different result from the trial court. Fisher v. State,532 So.2d 992, 997 (Miss. 1988).
Nicolaou's claim is grounded in defense counsel's failure to pursue his main defense of temporary insanity and his failure to pursue his initial convictions under the Post-Conviction Collateral Relief Act. Specifically, defense counsel failed to pursue post-conviction collateral relief after being informed that the defendant had suffered paranoid delusions.
Nicolaou argues that unless defense counsel pursues his main defense of insanity, which according to Nicolaou stems from his exposure to homosexuals at an early age, he cannot be satisfied with his counsel's representation.
Nicolaou seems to be under that impression that ineffective assistance of counsel merits an acquittal by this Court. We point out that the correct relief, if in fact any is warranted, for ineffective assistance of counsel, is a remand for a new trial.Read v. State, 430 So.2d 832, 841 (Miss. 1983).
Nicolaou fails to cross the first hurdle of Strickland v.Washington, in that the performance of his counsel was not deficient. Under the facts of this case, defense counsel managed to have a capital conviction reversed and remanded, and on retrial, successfully had the capital murder charge reduced to one of simple murder.
Having failed to cross the first hurdle, it is not necessary to reach the second hurdle.
Nicolaou has produced nothing to establish or even intimate that he had a valid insanity defense or that his prior convictions are invalid. We are limited to the record before us and we therefore, do not address the merits of this argument.
Allen Nicolaou's conviction of murder and sentence of life imprisonment as an habitual offender are affirmed.
CONVICTION OF MURDER AND SENTENCE OF LIFE IMPRISONMENT AS AN HABITUAL OFFENDER AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, DAN M. LEE, P.JJ., and PRATHER, PITTMAN, BANKS, McRAE and ROBERTS, JJ., concur. *Page 1087