IRVING, J.,
for the court.
¶ 1. Rodney Gray challenges the denial of his motion for post-conviction relief by the Circuit Court of Lowndes County. Gray presents a single issue in his appeal: whether his guilty plea and sentence should be set aside due to ineffective assistance of counsel.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. Rodney Gray was indicted on November 1, 1999, by a Lowndes County grand jury on the charge of sale of cocaine. He retained private counsel to represent him. On the first day of his trial, he entered his plea of guilty after his attorney advised him of the realities of the evidence *685 against him. He was subsequently sentenced upon a plea of guilty to a term of eight years in the custody of the Mississippi Department of Corrections and a fine of $5,000.
¶ 4. Gray filed his motion for post-conviction relief alleging that his attorney failed to present any mitigative evidence during Gray’s plea hearing and that his attorney promised him a suspended sentence with full knowledge that no person had ever received a suspended sentence in the particular judicial district for the sale of cocaine.
¶ 5. The trial court granted Gray an evidentiary hearing where both Gray and his attorney testified. Following the hearing, the trial court denied Gray’s motion for relief.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 6. When reviewing a lower court’s decision to deny a petition for post-conviction relief, this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999) (citing Bank of Mississippi v. Southern Mem’l Park, Inc., 677 So.2d 186, 191 (Miss.1996)). However, where questions of law are raised, the applicable standard of review is de novo. Id.
¶ 7. Gray first alleges that his counsel misrepresented to him that he would receive a suspended sentence if he pleaded guilty. According to Gray, had he known that this was not a realistic alternative, he would not have pleaded guilty to the charge and would have gone to trial. He proclaims that this assurance led him to enter his plea of guilty. Additionally, Gray alleges that his counsel failed to present any mitigative evidence during his plea hearing and that such omission prejudiced him.
¶ 8. In order for Gray to prevail on a claim of ineffective assistance of counsel, he must prove, under the totality of the circumstances, that his attorney’s performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Gray must show that there is a reasonable probability that, but for his attorney’s errors, he would have received a different result in the trial court. Nicolaou v. State, 612 So.2d 1080, 1086 (Miss.1992). Judicial scrutiny is highly deferential to the attorney, with a strong presumption that the attorney’s conduct fell within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689, 104 S.Ct. 2052.
¶ 9. We are unpersuaded by Gray’s contentions that his counsel represented to him that if he pleaded guilty he would receive a suspended sentence and that because of this representation, he entered the guilty plea. Gray offers no evidence that he was misled other than his summary assertions that he was coerced and misled by counsel. Gray’s counsel emphatically contradicted Gray in all material particulars. During the evidentiary hearing, Gray’s counsel gave the following testimony:
Q: Now, what promise of a sentence did you make him?
A. I made none because we decided, uh, he — he finally showed up; I met him in the hall, went right out here and met him right by this window, told him that the jury was waiting. We went in the stairwell. I told him — uh, at that time I believe, if I’m not mistaken, Mr. Hedgepeth said, you know, all deals are off, you can plead open.
Q: Right.
*686 A. I told him he could plead open and he would — that it would be up to the court which it ultimately is anyway to what he’s—
Q: Right.
A. —going to get sentenced—
Q: Right.
A. —where there was no deal, and that’s — •
Q: Did you tell him that he was going to get probation—
A. No, I didn’t.
Q: • — for selling cocaine?
A. No.
* * *
Q: And what understanding did you have with Mr. Gray that after he got his eight years that that was really supposed to be three years probation?
A. I didn’t — we never discussed him getting probation.
Q: Now when he pled guilty on the fifteenth of February, two thousand and one, what misunderstanding did he have or did he. relay to you about any of the — the, uh, information in his petition to enter a guilty plea?
A. There was none on the petition.
Moreover, Gray affirmed during the evi-dentiary hearing that during the plea qualification hearing, when he was interrogated by the court, he did not indicate that he felt coerced by his counsel, or that he had any doubts about his sentencing options.
¶ 10. In conjunction with Gray’s second allegation — -that his attorney failed to present any mitigative evidence during his sentencing hearing — we note that Gray did not present to the trial court, and has not presented to this Court, any mitigative evidence that his counsel failed to present. It follows that Gray cannot show prejudice when he has not presented any evidence which may have had a positive impact on his sentence had the trial judge been aware of it.
CONCLUSION
¶ 11. We have reviewed the transcript of the hearing held on the motion for post-conviction relief, as well as the trial judge’s order denying the requested relief, and we are firmly convinced that the trial judge’s finding — that the allegations of the post-conviction relief petition are but a sham— is firmly anchored. Further, we find that Gray has not even approached meeting the requisite level of proof to warrant a finding that his trial counsel was ineffective. Consequently, we affirm the trial court’s denial of the requested relief.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS AND GRIFFIS, JJ., CONCUR. CHANDLER, J., NOT PARTICIPATING.