854 So.2d 1081 (2003)
Anthony BROWN a/k/a Anthony Trenell Brown, a/k/a Anthony T. McGoo, a/k/a "McGoo", Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-00702-COA.
Court of Appeals of Mississippi.
August 19, 2003.
*1082 Howard Q. Davis, Indianola, for appellant.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before KING, P.J., BRIDGES and IRVING, JJ.
BRIDGES, J., for the court.
¶ 1. On April 2, 2002, Anthony Brown was tried for possession of cocaine before a jury in Washington County Circuit Court. The presiding judge was Honorable Ashley Hines. Brown was found guilty and was given a sixteen year sentence. He was additionally fined $5,000 because he was a repeat drug offender. From this conviction and sentence, Brown appeals to this Court.

STATEMENT OF THE ISSUES
I. DID BROWN RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL?
II. DID THE TRIAL COURT ERR IN TRYING BROWN AFTER A HOSPITAL STAY?
III. DID THE TRIAL COURT ERR IN DENYING A FULL SUPPRESSION HEARING ON A MOTION TO SUPPRESS?
IV. WAS THE VERDICT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
V. DID THE TRIAL COURT ERR IN GRANTING AN ENHANCED SENTENCE?
VI. WERE THERE CUMULATIVE ERRORS REQUIRING REVERSAL?

FACTS
¶ 2. Anthony Brown was arrested on November 21, 2000. Dondi Gibbs and James Whitfield, officers from the Greenville Police Department, were patrolling the city in a marked police car looking for individuals with outstanding warrants. One of the officers saw an individual duck behind a tree when he saw the police car. Officer Gibbs used his spotlight in order to look at the person behind the tree. He recognized the person behind the tree as Anthony Brown. Officer Gibbs had previous experiences with Anthony Brown. He *1083 knew that Brown had an outstanding warrant.
¶ 3. Brown was placed in the police car. On the way to the police station, the officers noticed that Brown was having difficulty speaking. Officer Gibbs thought that Brown had something in his mouth. The officers took Brown out of the police car and grabbed his throat to prevent Brown from swallowing. Brown spit out a clear plastic bag containing what appeared to be crack cocaine. A videotape was made of the entire incident. Both officers testified at trial.
¶ 4. On the day of trial, Brown was brought to court by the Washington County Sheriff's Department. Judge Hines had issued a warrant for Brown since he did not appear in court. The record states that Brown was picked up by sheriff's deputies at his home after he had been released from the hospital earlier that day.
¶ 5. At trial, Officer Xavier Redmond testified that he received the bag taken from Brown from Sergeant Prine. After it tested positive for cocaine, Redmond sealed the bag and returned it to a locked container. Later, Redmond took this same evidence to the crime laboratory for scientific testing. Brandy Goodmen, with the state crime laboratory in Meridian, tested the substance and found it to be crack cocaine. She testified to this at trial. After the jury heard the evidence and deliberated, Brown was found guilty.
¶ 6. At sentencing, Mr. Melvin Edwards, a jailor with the Washington County Sheriff's Office, testified that Anthony Brown was the same man who had served a prior sentence for the sale of cocaine. The trial court found that Brown qualified for enhanced punishment since he had a 1994 conviction for the sale of cocaine. His sentence was doubled from eight years to sixteen years. He was also given a $5,000 fine.

ANALYSIS
I. DID BROWN RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL?
¶ 7. Brown claims that he received ineffective assistance of counsel. Brown was arrested on November 21, 2000. He was held in prison from his arrest until his indictment on August 23, 2000. While the record does not reveal the details behind holding Brown in jail during this time, it is clear from the record that Brown had previously escaped from prison. Therefore, it is assumed that Brown was held because he was considered to be an escape risk. Brown waived his arraignment on September 25, 2001. On November 26, 2001, the State filed and was granted a motion for continuance because a material witness was unavailable to testify. On January 18, 2002, the State filed a second motion for continuance because the analyst from the Mississippi Crime Lab, an essential witness, was unavailable to testify. The trial was held on April 2, 2002. Brown claims that this was in violation of his right to a speedy trial. Brown never raised the issue of his right to speedy trial. He himself even requested that the trial be delayed on the day that it started. He argues that since this delay violated his right, his counsel should have filed a motion to dismiss. Since his lawyer did not do this, he claims that he received ineffective assistance of counsel.
¶ 8. The State argues that no motion to dismiss for violation of a right to speedy trial was filed and that this issue was not raised with the trial court. Furthermore, delays in trial are not plain error:
Because delays in bringing a matter to trial may work to the defendant's advantage, we do not consider a claim that the defendant was denied a speedy trial to *1084 be a matter of plain error or fundamental error that may be raised for the first time on appeal.
Bell v. State, 733 So.2d 372, 376(¶ 11) (Miss.1999).
¶ 9. In Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), four factors were established to evaluate possible speedy trial violations. These factors are length of delay, reasons for delay, assertion of the right to a speedy trial, and prejudice to the defendant. Id. In this case, Brown was tried within 270 days of arraignment as is required by statute. Miss.Code Ann. § 99-17-1 (Rev. 2000). This was not an unreasonable amount of time. Until there is a delay that is presumptively prejudicial, it is not necessary to evaluate the other factors. Barker, 407 U.S. at 530, 92 S.Ct. 2182. However, in this case, the reason for the delays was that the State was missing material witnesses. This can be seen as a good cause for a continuance since a missing witness is a valid reason for delay. Id. In Sharp v. State, 786 So.2d 372, 380(¶ 13) (Miss.2001), the Court found that the trial court correctly found "good cause" for a continuance where a material witness for the state was ill and could not testify on the date set for trial. Since the trial in this case was continued because the State was missing a witness, there was a good reason for the delay.
¶ 10. The next factor is whether there was an assertion of the right to a speedy trial. In this case, Brown never requested a speedy trial. In fact, on the day that the trial was held, Brown attempted to postpone the trial himself. Brown never asserted a right to speedy trial. Finally, prejudice to the defendant is the last factor in this Barker evaluation. Brown has not claimed any prejudice to his defense as a result of this delay. Since Brown's right to speedy trial was not violated, it was not ineffective assistance of counsel when his lawyer did not raise the issue of violation of speedy trial.
¶ 11. Brown has further allegations of ineffective assistance of counsel. His additional claims include failure to receive adequate discovery in preparation for trial, failure to request a full evidentiary hearing on a motion to suppress, failure to show the videotape taken the night of his arrest, and failure to request a continuance for Brown's illness on the day of the trial. Brown must satisfy the two-pronged test of Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in order to be successful in his ineffective assistance of counsel claim. Brown must prove first that his counsel's performance was deficient and second that this deficient performance prejudiced his defense. Brown has the burden of proving each of these prongs. Brown must show that there is a reasonable probability that but for the supposed errors of his counsel, the sentence of the trial court would have been different. Nicolaou v. State, 612 So.2d 1080, 1086 (Miss.1992); Fisher v. State, 532 So.2d 992, 997 (Miss.1988).
¶ 12. Brown does not meet the standard set forth in Strickland. While Brown claims that his counsel was inadequate, he has not produced any evidence other than his own statement to support his claim of ineffective assistance of counsel. An ineffective assistance of counsel claim must be proved affirmatively, not merely alleged. Strickland, 466 U.S. at 693, 104 S.Ct. 2052; Johnston v. State, 730 So.2d 534, 538(¶ 19) (Miss.1997). Brown must produce evidence to show that his sentence would have been different if the actions of his counsel had been different. Brown produced no evidence to indicate that a jury would have come to a different conclusion if for example the videotape of his arrest had been shown to the jury. *1085 Even if his lawyer had handled the case in an alternative way, the State produced strong evidence in this case. It had the two eyewitness officers testify and also had two witnesses testify that the substance taken from Brown's mouth was cocaine. None of the allegations Brown makes is evidence that the jury would have returned a verdict in his favor if his counsel had done anything differently. Since Brown has no other evidence to support that his counsel's performance was deficient, he cannot prove that his lawyer was ineffective.
II. DID THE TRIAL COURT ERR IN TRYING BROWN AFTER A HOSPITAL STAY?
III. DID THE TRIAL COURT ERR IN DENYING A FULL SUPPRESSION HEARING ON A MOTION TO SUPPRESS?
V. DID THE TRIAL COURT ERR IN GRANTING AN ENHANCED SENTENCE?
¶ 13. An assignment of error that is unsupported by any legal authority need not be considered by the Court. Jones v. State, 481 So.2d 798, 804 (Miss. 1985). When a defendant does not object on the same grounds being raised in an argument on appeal, the issue is waived. Duplantis v. State, 708 So.2d 1327, 1346-47 (¶ 96) (Miss.1998).
¶ 14. In Issue II, Brown complains that the Court erred in requiring Brown to go to trial on a day that he claimed he was not feeling well and had just been released from the hospital earlier that day. Brown does not cite any authority to support his claim that the court erred in continuing with the trial following his release from the hospital. Since Brown does not cite any authority supporting his claim, this issue is also waived.
¶ 15. In Issue III, Brown argues that the trial court erred when it did not hold an evidentiary hearing on the chain of custody for the cocaine that came from Brown's mouth on the night of his arrest. This issue was not raised with the trial court or in Brown's motion for JNOV or new trial. Since Brown did not raise this issue at trial, this issue is waived.
¶ 16. In Issue V, Brown alleges that his sentence should not have been enhanced from eight to sixteen years. This issue was also not raised at trial or his in JNOV motion. Since these issues were not preserved for appeal, the Court need not consider his argument. Also, as is supported by Jones, Brown provides no authority for his argument on this issue, so this Court need not consider his claim.
IV. WAS THE VERDICT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 17. Brown argues that there was a lack of evidence to support his conviction for possession of cocaine. Both officers who were present when Brown was arrested and who were eyewitnesses to the package being taken from Brown's mouth testified. The state crime lab analyst also testified that the substance found in Brown's mouth was cocaine. When the sufficiency of evidence is challenged, the prosecution is entitled to have the evidence in support of its case taken as true together with all reasonable inferences. McClain v. State, 625 So.2d 774, 778 (Miss. 1993). Issues related to the credibility or the weight of the evidence are for the jury to decide. Id. Once the jury has returned a verdict of guilty in a criminal case, the decision should not be reversed unless this Court decides that based on the evidence presented, no reasonable, hypothetical juror could find beyond a reasonable doubt that the defendant was guilty. Jones, 481 So.2d at 804. The testimony of the State's *1086 witnesses was convincing to the jury. Since the jury evaluated this evidence and found for the State, this Court should uphold its decision.
VI. WERE THERE CUMULATIVE ERRORS REQUIRING REVERSAL?
¶ 18. Brown finally claims that there were cumulative errors or near errors that occurred during his trial that denied him a fair trial. Since Brown fails to prove issues one through five, there were no cumulative errors denying his right to fair trial. He had adequate assistance of counsel, and there was sufficient evidence produced at trial that corroborated evidence of guilt. Where there is no reversible error in any part, there is no reversible error to the whole. McFee v. State, 511 So.2d 130, 136 (Miss.1987). Brown does not establish that there was reversible error in this case.

CONCLUSION
¶ 19. For the foregoing reasons, we affirm.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY OF CONVICTION OF POSSESSION OF COCAINE, SECOND AND SUBSEQUENT OFFENSE, AND SENTENCE OF SIXTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $5,000 IS AFFIRMED. COSTS ARE ASSESSED TO WASHINGTON COUNTY.
McMILLIN, C.J., AND KING, P.J., THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. SOUTHWICK, P.J., CONCURS IN RESULT ONLY.