961 So.2d 730 (2007)
Albert JONES, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-KA-02135-COA.
Court of Appeals of Mississippi.
February 20, 2007.
Rehearing Denied June 5, 2007.
*731 Michael Duane Mitchell, Jeannene Pacific, attorney for Appellant.
Office of the Attorney General by Billy L. Gore, attorney for Appellee.
Before LEE, P.J., GRIFFIS, ROBERTS and CARLTON, JJ.
CARLTON, J., for the Court.
¶ 1. Albert Jones was convicted by a Jones County Circuit Court jury for the crime of sale of cocaine. Jones challenges the sufficiency of the evidence and the effectiveness of his trial counsel. Finding no error, we affirm.

FACTS
¶ 2. On December 9, 2003, a confidential informant, whom we refer to as James, conducted an undercover purchase of cocaine from Jones. James was a prior convicted felon and had a shoplifting charge pending against him when he made the undercover purchase of cocaine. There was testimony that his purchase of the cocaine was to curry favor with the police in an effort to get out of trouble on the charge against him. James went to the Laurel Police Department and was fitted with audio and video equipment and supplied with purchase money for the drugs. His person and vehicle were searched to ensure he did not have any contraband in his possession. James then directly proceeded to purchase cocaine from Jones and promptly returned to the Laurel Police Department.
¶ 3. Laurel Police Officer Robert Strickland received back the video and audio evidence from James along with the two crack cocaine rocks that James had purchased. Strickland knew Jones and readily identified Jones as the person on the video selling cocaine to James.
¶ 4. Jones was later arrested and indicted for sale of cocaine in violation of Mississippi Code Section 41-29-139. The money was never recovered that was issued to James for the drug purchase. A jury convicted *732 Jones of the crime as charged. His appeal has been deflected to this Court.

DISCUSSION
1. Sufficiency of Evidence
¶ 5. Jones argues the evidence presented at trial was insufficient to convict him. He concludes that the trial court erroneously denied his motion for a directed verdict. Jones argues that the evidence was insufficient to support his conviction because the only eyewitness, James, was of questionable character and was biased against Jones. Jones reasons that James was not credible because of his criminal activity and a previous altercation between the two men in 1996 where Jones had shot James in a dispute over a girl. James testified that the two had long put that incident behind them and reconciled their differences.
¶ 6. In reviewing the sufficiency of the evidence we consider all of the evidence in the light most favorable to the State. Shaw v. State, 915 So.2d 442, 448 (Miss.2005); Bush v. State, 895 So.2d 836, 843 (Miss.2005). We must determine whether a jury could not have found Jones guilty even in light of all the reasonable inferences that could have been derived from the evidence. Shaw, 915 So.2d at 448-49.
¶ 7. The indictment charging Jones burdened the prosecution to prove that he "did wilfully, unlawfully, feloniously and knowingly sell or transfer Cocaine. . . ." The evidence presented against Jones at trial included direct testimony and video evidence of the sale and transfer of a substance later confirmed to be cocaine. Officer Strickland readily identified the seller of cocaine on the video as Jones. James also identified the seller of cocaine as Jones.
¶ 8. There is little doubt that James was not the most reliable or credible witness. James acknowledged the factors that might show his reason for bias against Jones. Even so, the role of the jury is to be the sole judges of the credibility of the witnesses. Hobgood v. State, 926 So.2d 847, 854 (Miss.2006); Byrd v. State, 522 So.2d 756, 760 (Miss.1988). The jury was aware of the altercation between the two men and that James was working with police because he had a pending charge against him. It is obvious from the verdict that the jury found the evidence against Jones credible. Viewing the evidence in a light most favorable to the State, there is sufficient evidence to support their decision to convict Jones.
2. Ineffective Assistance of Counsel
¶ 9. Jones acknowledges that the merits of this issue may not usually be addressed on direct appeal. His appellate counselors believe that they would be remiss in their duties to zealously advocate the case for Jones if they did not included this issue in his brief. Jones lists several instances of ineffective assistance of counsel including: (1) allowing the prosecutor to testify during jury voir dire about narcotics investigations and use of confidential informants, (2) failing to conduct a proper voir dire of the jury pool, (3) failing to deliver an effective closing argument, and (4) failing to prepare any jury instructions. Jones states that the entirety of his counsel's conduct is not clear solely from reading the trial transcript and requests a reversal of his conviction, or in the alternative a new trial.
¶ 10. As Jones recognizes, it is unusual for an appellate court to consider an ineffective assistance of counsel claim on direct appeal because "we are limited to the trial court record in our review of the claim and there is usually insufficient evidence *733 within the record to evaluate the claim." Wilcher v. State, 863 So.2d 776, 825 (Miss.2003) (quoting Aguilar v. State, 847 So.2d 871, 878 (Miss.Ct.App.2002) (citation omitted)). We also note that "where the record cannot support an ineffective assistance of counsel claim on direct appeal, the appropriate conclusion is to deny relief, preserving the defendant's right to argue the same issue through a petition for post-conviction relief." Wilcher, 863 So.2d at 825 (quoting Aguilar, 847 So.2d at 878). On direct appeal this Court will only rule on the merits of an ineffective assistance of counsel claim if: "(1) the record affirmatively shows ineffectiveness of constitutional dimensions, or (2) the parties stipulate that the record is adequate to allow the appellate court to make the finding without consideration of the findings of fact of the trial judge." Wilcher, 863 So.2d at 825 (citations omitted).
¶ 11. The parties have not made a stipulation as to the record. The focus of our review then is to determine whether the record shows ineffectiveness of constitutional dimensions. The standard of our review here is whether representation of Jones was "so lacking in competence that it becomes apparent or should be apparent that it is the duty of the trial judge to correct it so as to prevent a mockery of justice." Ransom v. State, 919 So.2d 887, 889 (Miss.2005) (quoting Parham v. State, 229 So.2d 582, 583 (Miss. 1969)). We are also guided by the standard to demonstrate counsel was constitutionally inadequate by proving deficient performance and that the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice is shown if there is a "reasonable probability" that without the deficiency of counsel Jones would have had a different outcome at trial. Nicolaou v. State, 612 So.2d 1080, 1086 (Miss.1992). This requires us to review all the circumstances at trial. Id. The burden of proof is on Jones. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). Mere allegations are not sufficient to meet this burden of proving prejudice. Johnston v. State, 730 So.2d 534, 538 (Miss.1997).
¶ 12. The record reflects that trial counsel for Jones did ask some improper questions to jurors during voir dire, but were not of any constitutional significance. The prosecution made some statements during voir dire about the nature of a confidential informant in order to inquire about whether any potential jurors had a problem with police using confidential informants. During her closing argument defense counsel improperly referred to the previous military service of Jones and the possibility of Jones receiving up to thirty years in prison if convicted. These statements by counsel may have been improper but were made to assist Jones, and did not prejudice his defense. Overall the record reflects that defense counsel made a valid attempt during her closing argument to discredit the State's case.
¶ 13. Regarding the lack of jury instructions, defense counsel stated that she was satisfied with the jury instructions the trial court would give to the jury. The trial judge asked defense counsel if she at least had an instruction in reference to Jones choosing not to testify. The trial judge stated that such an instruction was needed. The prosecution had the instruction faxed to the court. Jones fails to propose any particular instruction that he thinks would have prevented an unjust result.
¶ 14. Four instructions were given to the jury. The court's instructions included a lengthy general instruction and an instruction on the form of the verdict. The *734 State's instruction reiterated the crime as charged in the indictment and stated that the jury should not convict Jones if the State failed to prove all elements of the charge. The one defense instruction was provided by the prosecution concerning the right of a criminal defendant not to testify.
¶ 15. Defense counsel's decision to not prepare any jury instructions may have been a part of trial strategy or may be an indication of the quality of the defense Jones received. Counsel did indicate that she was satisfied with the instructions the trial court would give to the jury. Although not a factor we consider, it is useful to note that Jones was not represented by court appointed counsel; he chose to retain defense counsel for his representation. The record does not reflect that failing to prepare jury instructions undermined a just result being reached at trial.
¶ 16. We do not examine the record to determine the quality of the representation Jones received but rather the constitutional sufficiency of the representation. Jones did not have a constitutional right to errorless counsel. Branch v. State, 882 So.2d 36, 52 (Miss.2004). A review of the record before us does not demonstrate that the outcome here was a mockery of justice or that counsel was constitutionally inadequate. The record reflects that the fairness of the trial Jones received was not affected by the actions of his counsel. Finding no error we affirm his conviction.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF JONES COUNTY OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH TWENTY YEARS TO SERVE AND TEN YEARS SUSPENDED AFTER COMPLETION OF THE COMMUNITY SERVICE PROGRAM AND A $1,000 FINE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.