# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-01007-COA

**ALLEN NICOLAOU**                                                      **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                               **APPELLEE**

DATE OF JUDGMENT:                08/03/2023
TRIAL JUDGE:                     HON. CHRISTOPHER LOUIS SCHMIDT
COURT FROM WHICH APPEALED:       HANCOCK COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          ALLEN NICOLAOU (PRO SE)
ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                 BY:  SCOTT STUART
NATURE OF THE CASE:              CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                     VACATED AND RENDERED - 05/06/2025
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., McCARTY AND WEDDLE, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1.     Allen Nicolaou was convicted and sentenced as a nonviolent habitual offender to life imprisonment without parole eligibility after he murdered his cellmate while being held in the Hancock County jail on other unrelated charges. *Nicolaou v. State* (*Nicolaou I*), 534 So. 2d 168, 169-70 (Miss. 1988).  Nicolaou's conviction and sentence were ultimately affirmed on direct appeal.  *Nicolaou v. State* (*Nicolaou II*), 612 So. 2d 1080, 1082 (Miss. 1992).

¶2.     After having previously filed other motions for post-conviction relief (PCR) relating to his sentence, among other issues, Nicolaou filed a PCR motion in the Hancock County Circuit Court, again challenging his sentence.  Nicolaou claimed that the State failed to prove the prior convictions used to enhance his sentence were separately brought and arose out of

separate incidents at different times. *See* Miss. Code Ann. § 99-19-81 (Rev. 2020). The circuit court denied Nicolaou's PCR motion as successive. Because the circuit court lacked jurisdiction to adjudicate Nicolaou's motion, *see* Miss. Code Ann. § 99-39-7 (Rev. 2020), we vacate the circuit court's order and render judgment dismissing Nicolaou's PCR motion for lack of jurisdiction.

## FACTS AND PROCEDURAL HISTORY

¶3.     Nicolaou was being held in the Hancock County jail on October 27, 1984, when he murdered his cellmate, Alan Poole. *Nicolaou I*, 534 So. 2d at 169. Nicolaou was in custody after "plead[ing] guilty to two murders, armed robbery, and two kidnappings, for which he had been sentenced to two terms of life imprisonment, 40 years on the armed robbery charge, and 30 years on each kidnapping charge." *Id.* at 170. With respect to Poole's murder, Nicolaou was indicted for capital murder and "as a habitual offender under [section] 99-19-81" based on these prior convictions. *Id.* at 169. Nicolaou was convicted and sentenced as a nonviolent habitual offender to life imprisonment without parole eligibility. *Id.* at 170.

¶4.     Following that trial and conviction, Nicolaou appealed. He asserted, among other assignments of error, that the circuit court erred by giving a supplemental jury instruction on malice. *Id.* at 174. The Mississippi Supreme Court agreed, finding that the instruction was "confusing" and constituted reversible error. *Id.* The supreme court reversed Nicolaou's conviction on this point and remanded for a new trial. *Id.*

¶5.     Although the supreme court reversed and remanded on this issue, the supreme court

*also* addressed Nicolaou's contention that the habitual offender statute, section 99-19-81, did not apply to his case because "all crimes for which he was previously convicted arose from the same incident at the same time." *Id.* at 173. The supreme court rejected this assertion. *Id.* The supreme court found that although all the crimes occurred on the same day, "the two murders and the kidnappings occurred at different times and different places, and clearly were two separate 'incidents.' No error was committed in sentencing Nicolaou under [section 99-19-81] to life without parole." *Id.*

¶6. Following his second trial, a jury again convicted Nicolaou, and the trial court sentenced him as a nonviolent habitual offender to life imprisonment without eligibility for parole. *Nicolaou II*, 612 So. 2d at 1082. Nicolaou raised six assignments of error on appeal in *Nicolaou II*, including his contention that "the crimes [he was] was convicted of on Oct. 22, 1984, do not constitute separate 'incidents' for the purposes of the habitual offender statute." *Id.* at 1083. The supreme court found that this issue was barred by the law-of-the-case doctrine and collateral estoppel. *Id.* at 1085.

¶7. On October 27, 2014, Nicolaou sought leave from the Mississippi Supreme Court to request post-conviction relief in the circuit court. Nicolaou again challenged his habitual offender status. The supreme court denied Nicolaou's application as a successive writ, as follows:

> In 1992, this Court affirmed Nicolaou's murder conviction and life sentence. *Nicolaou v. State*, 612 So. 2d 1080 ([Miss.] 1992). In 1993, this Court denied Nicolaou's first PCR because the issue presented was raised on direct appeal. In his current PCR, Nicolaou raises issues related to the defense of temporary insanity and his habitual offender status. The Court finds that the current petition is barred as a successive writ. Miss. Code Ann. § 99-39-27(9).

3

Order, *Nicolaou v. State*, No. 2014-M-01513 (Miss. Jan. 22, 2015).

¶8. In July 2022, Nicolaou filed a PCR motion in the Hancock County Circuit Court, once again asserting, among other issues, that he had been wrongly sentenced under the habitual offender statute. The circuit court denied Nicolaou's PCR motion as successive, as follows:

> The Court, having considered the motion, the record in all cause numbers, and the applicable law, finds the motion is not well taken and should be denied as a second successive writ. The issues raised by Nicolaou in his third Motion for Post-Conviction Collateral Relief are essentially identical to those raised in his first and second petitions that were denied by this Court and affirmed on appeal.

¶9. Nicolaou appeals, asserting that section 99-19-81 was "*not* lawfully or properly applied in accordance with the strict language of the statute."

## DISCUSSION

¶10. The Uniform Post-Conviction Collateral Relief Act (UPCCRA) provides that "the motion under this article shall be filed as an original civil action in the trial court, *except in cases in which the petitioner's conviction and sentence have been appealed to the Supreme Court of Mississippi and there affirmed or the appeal dismissed*." Miss. Code Ann. § 99-39-7 (emphasis added). Under those circumstances, "the motion . . . shall *not* be filed in the trial court until the motion shall have first been presented to . . . the Supreme Court of Mississippi . . . and an order granted allowing the filing of such motion in the trial court." *Id.* (emphasis added).

¶11. "This procedure is not merely advisory, but jurisdictional." *Watson v. State*, 295 So. 3d 542, 544 (¶4) (Miss. Ct. App. 2019) (quoting *Chandler v. State*, 190 So. 3d 509, 511 (¶6) (Miss. Ct. App. 2016)). In short, "[i]f the prisoner does not obtain permission [from the

4

supreme court] to file the [PCR] motion in the circuit court, the circuit court lacks authority to adjudicate the motion." *Id.* (citing *Forkner v. State*, 227 So. 3d 404, 405-06 (¶5) (Miss. 2017)).

¶12. In this case, Nicolaou's conviction and sentence were affirmed on direct appeal, *Nicolaou II*, 612 So. 2d at 1082, but Nicolaou failed to obtain permission from the supreme court to seek post-conviction relief. For this reason, "the circuit court lacked jurisdiction to adjudicate [Nicolaou's] petition." *Watson*, 295 So. 3d at 544 (¶5). Instead of denying Nicolaou's PCR motion as successive, "the circuit court should have dismissed for lack of jurisdiction." *Id.* Accordingly, we vacate the circuit court's order and render judgment dismissing Nicolaou's PCR motion for lack of jurisdiction. *Id.*; *see Forkner*, 227 So. 3d at 406 (¶5).

¶13. **VACATED AND RENDERED.**

**BARNES, C.J., WILSON, P.J., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER, WEDDLE AND ST. PÉ, JJ., CONCUR.**